Robert R. WILSON et al., Plaintiffs,

v.

UNITED STATES of America et al., Defendants.

John W. KEELING, Plaintiff,

v.

UNITED STATES of America et al., Defendants.

Civ. A. Nos. 76-28-N, 76-260-N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Jan. 12, 1977.

Joseph A. Leafe, Eley, Rutherford & Leafe, Norfolk, Va., for plaintiffs in No. 76-28-N.

Michael A. Rhine, Asst. U. S. Atty., Norfolk, Va., for defendants.

Joseph J. Lawler, Kellam, Pickrell & Lawler, Norfolk, Va., for Hampton Roads Sanitation District.

Donald H. Clark, Clark, Hofheimer & Stant, Virginia Beach, Va., for School Bd. of Virginia Beach and City of Virginia Beach.

Thomas R. Davis, Willcox, Savage, Lawrence, Dickson & Spindle, P. C., Norfolk, Va., for Bayville Farms.

E. Leslie Cox, Breeden, Howard & MacMillan, Norfolk, Va., for County Utilities Corp.

A. Joseph Canada, Jr., Ansell, Butler & Canada, Virginia Beach, Va., for plaintiff.

MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court on motions made by the City of Virginia Beach, the School Board of the City of Virginia Beach and Hampton Roads Sanitation District Commission to dismiss plain-

tiffs' complaint in admiralty and common law for damages allegedly resulting from defendants' discharge of raw sewage, inadequately treated sewage and/or other pollutants into waters of certain oyster planting grounds leased by plaintiffs. The defendants claim sovereign immunity to the charges in admiralty and to the common law charges of negligence, nuisance and trespass.

■ The Court is of the opinion that *Moore v. Hampton Roads Sanitation District Commission and City of Newport News*, No. 75–1576 (4th Cir., Oct. 7, 1976) controls the issue of the defendants' liability for the charges in admiralty. Similarly to the case at bar, the plaintiffs in the *Moore* case sued the City of Newport News and the Hampton Roads Sanitation District Commission for damages to oyster beds leased by the plaintiffs resulting from the improper operation of a sewage disposal system by the defendants. The Fourth Circuit considered the public policy of Virginia regarding waste discharges into state waters as set out in Va.Code §§ 62.1–44.2, *et seq* and admiralty law regarding sovereign immunity as set out in *Workman v. New York City*, 179 U.S. 552, 21 S.Ct. 212, 45 L.Ed. 314 (1900) and concluded that the City of Newport News could not claim immunity and therefore, could be held liable for its negligent discharge of pollution into state waters. This Court infers from the language of the Fourth Circuit opinion that the Sanitation Commission also could not claim immunity and would have been held liable for negligent operation of its sewage disposal system if the evidence had supported a finding of negligence or violation of state statutory and regulatory provisions. Therefore, on the basis of *Moore*, this Court is of the opinion that neither the City of Virginia Beach nor the Hampton Roads Sanitation District Commission may claim immunity in the case at bar to charges in admiralty for polluting the waters of Virginia.

■ We are further of the opinion that the rationale of the *Moore* case is equally applicable to the Virginia Beach School Board and its claim of immunity. Va.Code § 62.1–44.4(1) and § 62.1–44.3(5) provide that no one, including the state or any of its political subdivisions shall have the right to discharge waste into State water. By these statutes, the Virginia General Assembly made the State of Virginia and its political subdivisions, i. e., the Virginia Beach School Board, subject to court control for water pollution due to waste disposal. *Workman v. New York City*, 179 U.S. 552, 565–570, 21 S.Ct. 212, 45 L.Ed. 314 (1900) provided that a defendant who is subject to the jurisdiction of the court can claim no immunity from liability in a court of admiralty. On the basis of the Fourth Circuit opinion in *Moore* which incorporated these Virginia statutes and the *Workman* case, this Court concludes that the Virginia Beach School Board is subject to the jurisdiction of the Court for water pollution and therefore, may not escape liability in admiralty by claiming immunity. To find otherwise would give the inconsistent result of allowing the School Board to remain free of liability for the very same acts the City of Virginia Beach and Sanitation Commission are held responsible.

The defendants contend that the Fourth Circuit opinion in *Moore* and the U.S. Supreme Court opinion in *Workman* should be distinguished from the case at bar because the issue of sovereign immunity given the states under the Eleventh Amendment was not addressed. All three defendants claim such ties with the State of Virginia as to give them the benefit of Eleventh Amendment immunity and urge upon the Court that *Ex Parte State of New York*, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1920) should be the controlling case. We disagree that *Ex Parte State of New York* would change the result reached heretofore. It held that under the Eleventh Amendment a state which had not consented to suit remained outside the jurisdiction of the Court and therefore, immune to liability in an admiralty *in personam* action. It reaffirmed the *Workman* principle that a defendant subject to the jurisdiction of the court, as a state would be if it consented to

suit, may claim no immunity to liability in admiralty. As shown heretofore, the State of Virginia has made itself and its political subdivisions subject to court control for water pollution due to waste disposal. Therefore, even if the defendants could successfully demonstrate that they are state agents normally entitled to Eleventh Amendment immunity, they could not claim it in the case at bar under the authority of *Ex Parte State of New York.*

 We now turn to the issue of the defendants' liability to the common law charges of negligence, nuisance and trespass. The Sanitation Commission claims sovereign immunity as a state agency. The City of Virginia Beach and the School Board claim immunity on the grounds that sewage disposal is a governmental function and therefore, does not subject them to liability. In response to the Commission's claims, the Court finds on the basis of the *Moore* opinion of the Fourth Circuit and the Virginia State Water Control Law that the Hampton Roads Sanitation District Commission is subject to court control for water pollution due to waste disposal. It cannot, therefore, claim sovereign immunity to common law charges of liability for water pollution due to waste disposal.

With regard to the City of Virginia Beach and the Virginia Beach School Board, the Court also finds on the basis of *Moore* and the Virginia State Water Control Law that they may not claim immunity to the common law charges of liability for water pollution due to waste disposal. In addition, the Court notes as to the governmental-proprietary theories of municipal immunity, the evolution of the arbitrary demarcation line between governmental and proprietary functions has placed the issue of sewage systems on the proprietary and non-immune side. *Hoggard v. City of Richmond,* 172 Va. 145, 200 S.E. 610, 612 (1939); *Stansbury v. City of Richmond,* 116 Va. 205, 81 S.E. 26, 27 (1914); 6 Michie's Jurisprudence, Drains, Sewers & Drainage Districts, § 6 (1976).

For the reasons stated above, the motions to dismiss made by the City of Virginia Beach, the School Board of the City of Virginia Beach and the Hampton Roads Sanitation District Commission are DENIED.